UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TO HA QUAN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 01-cv-00435-PJH<br><br>**ORDER GRANTING APPLICATION TO RENEW JUDGMENT LIEN**<br><br>Re: Dkt. No. 39 |

Before the court is the government's application to renew a judgment lien. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

This case involves a tax dispute. The parties stipulated to a judgment in favor of the United States, which was entered in the government's favor on October 16, 2002. Dkt. 34. The original judgment was $198,497.66 with interest on the unpaid balance to accrue from the date of the judgment at the legal rate of 7.0% computed daily and compounded annually, together with costs on the unpaid balance, until the judgment is satisfied. The judgment has not been paid by the judgment debtor, Quan. Huang Decl. ¶ 4 (Dkt. 39-1 at 2).

The abstract of judgment was issued by the clerk of court on February 13, 2003. Dkt. 36; see also Dkt. 44-1 at 5. The government created a judgment lien by recording the abstract in San Francisco County. Dkt. 44-1 at 4. Now, the government applies to

renew the judgment lien.  Dkt. 39.

## DISCUSSION

**A.    Legal Standard**

The Federal Debt Collection Procedure is codified in 28 U.S.C. § 3001, et seq., and it provides the exclusive civil procedures for the United States to recover on a debt. Pursuant to 28 U.S.C. § 3201(a), the judgment in this case, when appropriately filed, "create[d] a lien on all real property of" the judgment debtor.  The lien is effective for 20 years and can be renewed for "one additional period of 20 years" if the "the notice of renewal is filed before the expiration of the 20-year period" and "the court approves the renewal of such lien."  28 U.S.C. § 3201(c)(2), § 3201(c)(2)(A), § 3201(c)(2)(B).  Although the statute provides that court approval is a necessary prerequisite to the renewal of a lien, no conditions to the renewal appear in the law and the parties do not cite to any particular requirements.

**B.    The Parties' Arguments**

The government filed the instant application on September 14, 2022.  Dkt. 39. The application cites to Title 28 U.S.C. § 3201(c) for the premise that the judgment lien created from this case can be renewed for a new 20-year period.  Attached to the application is the declaration of Diana Huang, a Paralegal Specialist in the U.S. Attorney's office who tracks collection of criminal fines and restitution.  Dkt. 39-1.  Huang certifies that the judgment has not been paid.  Dkt. 39-1.

Quan opposes the government's application on the basis that no judgment lien was created because no abstract of judgment had been issued or recorded.[1]  Dkt. 41 at 3 ("to create a judgment lien in the first place, Applicant would need to have had an abstract of the judgment issued [and] then file a certified copy 'in the manner in which a notice of tax lien would be filed.'").  Quan contends the government improperly seeks to renew the underlying judgment—renewal of the judgment would be 10 years too late in

---

[1] It appears that Quan's counsel did not possess a copy of the abstract of judgment at the time the opposition brief was filed.

2

light of the combination of Rule 69 with California Code of Civil Procedure sections 683.020 and 683.130, which together provide that a money judgment expires 10 years after the date of entry unless renewed. Without an existing judgment lien to renew, and with only an expired money judgment, Quan reasons that the government's application must be denied.

On reply, the government simply reports that a judgment lien exists because the abstract of judgment was properly recorded with the County of San Francisco. The government attaches a copy of the abstract. Dkt. 44-1.

In light of Quan's apparent belief that no abstract of judgment had been issued and the introduction of the new evidence on reply, the court permitted Quan to file an additional response to the reply brief. Dkt. 46.

Quan restates that the application for renewal of judgment lien must be denied because the judgment has expired. Quan reasons that Title 28 U.S.C. § 3201 provides for the creation and renewal of judgment liens only, not renewal of the underlying judgment. There is no federal law preempting California law regarding the 10-year period for renewal of judgments, Quan avers, and thus, because there is no underlying judgment to renew, there can be no renewal of the lien based on that judgment.

**C.   Analysis**

Here, judgment was entered on October 16, 2002. Dkt. 34. The abstract of judgment was issued by the clerk of court on February 13, 2003. Dkt. 36; Dkt. 44-1 at 5. The government created a judgment lien by recording the abstract in San Francisco County. Dkt. 44-1 at 4; see also Cal. Code Civ. Proc. § 697.310(a). Quan does not argue that the recording of the abstract of judgment was somehow ineffective to create a judgment lien. The government's judgment lien is effective for a 20-year period under Title 28 U.S.C. § 3201(c)(1), and the government's application to renew the judgment lien comes ahead of the expiration of that period. Therefore, the government's application must be granted pursuant to Title 28 U.S.C. § 3201(c)(2).

Quan argues that, by way of Rule 69's reference to state law procedures for

enforcement of judgment, the 10-year period for enforcement or renewal of a money judgment under California Code of Civil Procedure section 683.020 must apply here. Section 683.020 prefaces its introduction of the 10-year period, however, with the clause, "[e]xcept as otherwise provided by statute[.]"  Title 28 U.S.C. § 3201 provides otherwise and thus remains applicable despite the general 10-year period for enforcement of money judgments in this state.

Further, Quan's reading of Rule 69 also ignores a relevant clause.  Rule 69 provides in part that execution of judgments "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  As noted above, a lien created under Title 28 U.S.C. § 3201, a federal statute, is effective for a period of 20 years unless satisfied.  The 20-year term of this judgment lien is thus entirely compatible with both state and federal statutes regarding enforcement of judgments, and there is no barrier to renewal of the judgment lien.

In sum, Quan's arguments are unavailing, and the judgment lien must be renewed.

## CONCLUSION

For the foregoing reasons, the court hereby GRANTS the application.  The United States' judgment lien shall be extended for 20 additional years pursuant to Title 28 U.S.C. § 3201(c).

**IT IS SO ORDERED.**

Dated: September 26, 2022

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge