UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TO HA QUAN,<br><br>    Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.  01-cv-00435-PJH<br><br>**ORDER RE PROPOSED ABSTRACT OF JUDGMENT**<br><br>Re: Dkt. No. 51 |

Before the court is the government's proposed abstract of judgment. Dkt. 51. To Ha Quan filed objections (Dkt. 52), and the government replied (Dkt. 53). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

This case involves a tax dispute. The parties stipulated to a judgment in favor of the United States, which was entered in the government's favor on October 16, 2002. Dkt. 34. The original judgment was $198,497.66 with interest on the unpaid balance to accrue from the date of the judgment at the legal rate of 7.0% computed daily and compounded annually, together with costs on the unpaid balance.

The abstract of judgment was issued by the clerk of court on February 13, 2003. Dkt. 36; see also Dkt. 44-1 at 5. The government created a judgment lien by recording the abstract in San Francisco County. Dkt. 44-1 at 4. On September 16, 2022, this court issued an order granting the government's request to renew that judgment lien. Now, the government seeks to create a new judgment lien by recording the abstract of judgment in

1  Alameda County.  Dkt. 51.

## DISCUSSION

Following the government's application to record the abstract of judgment in Alameda County, Quan objected on the grounds that the underlying judgement entered on "October 15, 2022 has never been renewed and has expired[.]" Dkt. 52 at 1.  Quan argues that although the FDCPA preempts any California law concerning judgment liens, "there is no FDCPA or any other relevant federal statute that deals with renewal of the underlying judgment itself." Id. at 2.  "As such, under FRCP Rule 69, California law applies" because "the Court must look to California law for the expiration of judgments, and the deadlines and procedure by which judgments may be renewed." Id.  Quan argues that California Code of Civil Procedure §§ 683.020 & 683.130 provide that "a money judgment expires 10 years after the date of entry, unless it is renewed before the expiration date by application to the court." Id. at 3.  Quan argues that because "the underlying money Judgment was entered on 10/16/2002" and has not been renewed, the government may not create of a new lien based upon an expired judgment. Id.

The government agrees that the original judgment was entered in October 2002. However, it argues that federal law controls the issue and requires that "the judgment remains in effect indefinitely or until it is satisfied." Dkt. 52 at 2.  The government argues that the FDCPA governs the federal government's procedures to collect on money judgments, and because the government seeks to record judgment in Alameda County for the first time, there is no authority barring the requested relief.

Although no party cites to the opinion in their briefing before this court, the Ninth Circuit has explicitly considered and ruled on the contested issue.  See generally United States v. Gianelli, 543 F.3d 1178 (9th Cir. 2008).  Quan is correct that California law typically precludes enforcement of a judgment when 10 years has passed since the judgment was entered.  Cal. Civ. Proc. Code § 683.020.  As Quan points out, according to Federal Rule of Civil Procedure 69(a)(1), federal enforcement of a money judgment "must accord with the procedure of the state where the court is located". Fed. R. Civ.

P. 69(a)(1). "Although Federal Rule of Civil Procedure 69(a)(1) provides that the federal government's enforcement by writ of execution 'must accord with the procedures of the state where the court is located,' that Rule goes on to provide that notwithstanding this directive, 'a federal statute governs to the extent it applies.'" Gianelli, 543 F.3d at 1182 (quoting Fed R. Civ. P. 69(a)(1)). "The Federal Debt Collection Procedures Act of 1990 ('FDCPA') is such a statute. The FDCPA provides that, with the exception of conflicting federal law, it 'provides the exclusive civil procedures for the United States to . . . recover a judgment on a debt.'" Id. (quoting 28 U.S.C. § 3001). "The FDCPA further provides that it 'shall preempt State law to the extent such law is inconsistent.'" Id. (quoting 28 U.S.C. § 3003(d)).

Therefore, contrary to Quan's argument

> the California state law at issue, **California Civil Procedure Code section 683.020, which would preclude enforcement of a restitution judgment after ten years from the entry of that judgment, is such an inconsistent state law and is, therefore, preempted.** The FDCPA provides no time limit for the collection of debts by writ of execution. See 28 U.S.C. § 3203. Further, because the purpose of the FDCPA "is to create a comprehensive statutory framework for the collection of debts owed to the United States government [and to] improve the efficiency and speed in collecting those debts," H.R. Rep. No. 101–736, at 32 (1990), a state law limiting such collection is inconsistent with the purpose of the act and is, therefore, preempted. . . . In view of the foregoing . . . the California limitation on enforcement set forth in California Code of Civil Procedure § 683.020 is inapplicable.

Id. at 1183 (emphasis added).

## CONCLUSION

For the foregoing reasons, the court hereby finds the government's proposed abstract of judgment proper and DIRECTS the Clerk of Court to issue the abstract of judgment (Dkt. 51).

**IT IS SO ORDERED.**

Dated: May 19, 2023

_____
PHYLLIS J. HAMILTON
United States District Judge

3